UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HOLLY SMITH<br>    Plaintiff<br><br>vs.<br><br>NATIONWIDE CREDIT, INC.<br>    Defendant | Case Number<br><br>CIVIL COMPLAINT<br><br>JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Holly Smith, by and through her undersigned counsel, Brent F. Vullings, Esq. of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

### I.    INTRODUCTORY STATEMENT

1. Plaintiff, Holly Smith (hereinafter "Plaintiff"), an individual consumer, brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant transacts business here and maintains a registered office in this District.

## III. PARTIES

4. Plaintiff, Holly Smith ("Plaintiff") is an adult natural person with a mailing address of 10920 Antelope Lane, Orland Park, Illinois 60467.

5. Defendant, Nationwide Credit, Inc. ("Defendant"), at all times relevant hereto, is and was a Corporation engaged in the business of collecting debt within the Commonwealth of Arizona with a registered office located at 116 Pine Street, Suite 320, Harrisburg, Pennsylvania 17101 and a principal office located at 2015 Vaughn Road, NW, Keensaw, Georgia 30144-7801.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.    FACTUAL ALLEGATIONS

7. On or about May 27, 2009, Defendant sent Plaintiff a collection notice regarding an alleged consumer debt, namely an American Express credit card. **See Exhibit "A" attached hereto.**

8. Defendant gave Plaintiff account number 371570562384001 for her reference.

9. On June 3, 2009 Plaintiff contacted Defendant because they were contacting family members and discussing personal and confidential information about Plaintiff's alleged debt.

10. On or about July 2009, Plaintiff made an agreement with Defendant for Defendant to take the amount of $400.00 monthly from her personal checking account with Integra Bank.

11. Plaintiff asked Defendant to send her a written agreement but Defendant failed to do so.

12. On or about July 22, 2009, Defendant sent Plaintiff a letter stating that the postdated payment amount of $400.00 would be deposited on July 30, 2009. **See Exhibit "B" attached hereto.**

13. On or about September 22, 2009 Defendant sent Plaintiff a letter stating that the postdated payment amount of $400.00 would be deposited on September 30, 2009. **See Exhibit "C" attached hereto.**

14. In and around the week of November 1, 2009, Plaintiff received telephone call from an unknown agent of Defendant stating that American Express was going to raise her interest rates if she did not pay her debt in full.

15. Defendant's agent used profane language and treated Plaintiff with complete disrespect by saying "that bitch just hung up on me. " Plaintiff replied, "No, I did not, but I am now."

16. Defendant's agents also contact Plaintiff's husband, Steven Smith, on numerous occasions saying "it is because of people like them that the economy is so screwed up."

17. Plaintiff told Defendant it is difficult for her to speak on the telephone for long periods due to Plaintiff being an at-home care nurse. Despite this fact, Defendant continued to contact her while she was working.

18. On or about October 22, 2009, Defendant broke agreement with Plaintiff when they took $967.00 from Plaintiff's bank account without approval.

19. Plaintiff canceled the aforementioned unapproved payment on October 26, 2009.

20. On or about November 2, 2009, Defendant again took from Plaintiff's account an unauthorized amount of $967.05.  **See Exhibit "D" attached hereto.**

21. On or about November 4, 2009, Plaintiff closed out her bank account for fear of Defendant would continue to take unauthorized monies.

22. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff in connection with the collection of a debt.

23. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

24. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

25. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

26. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT 1 – FDCPA

27. The above paragraphs are hereby incorporated herein by reference.

28. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

29. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | | |
|---|---|---|
| | §§1692c(a)(1): | At any unusual time, unusual place, or unusual time or place known to be inconvenient to the consumer, before 8:00 am or after 9:00 pm |
| | §§1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| | §§ 1692d(2): | Profane language or other abusive language |
| | §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| | §§ 1692d(6): | Placed telephone calls without disclosing his/her identity |
| | §§1692e: | Any other false deceptive, or misleading representation or means in connection with the debt collection |
| | §§1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| | §§1692f(1): | Attempt to collect any amount not authorized by the agreement creating the debt or permitted by law |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Nationwide Credit, Inc., for the following:

a. Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. § 1692k;

d. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

e. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiffs hereby demand a jury trial as to all issues herein.

Respectfully submitted,

**WARREN & VULLINGS, LLP**

Date: November 16, 2009

BY: **/s/Brent F. Vullings**
Brent F. Vullings, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA 19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff